

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00317-CR

**CB SANDERS, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1739981, Honorable Vincent Giardino, Presiding[1]

February 5, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[2] Based on a June 2024 plea agreement, Appellant, CB Sanders, was placed on deferred adjudication community supervision for eight years for the third degree felony offense of promoting prostitution.[3] In July 2025, the State moved

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] TEX. PENAL CODE § 43.03(b).

to adjudicate guilt, alleging ten violations of the terms and conditions of community supervision.

At a hearing on the State's motion, Appellant entered pleas of true to each of the State's allegations.[4]  Following presentation of evidence, the court found the allegations to be true, adjudicated Appellant guilty of the original offense, and sentenced him to confinement for a period of four years.

In support of his motion to withdraw, counsel certifies he has conducted a professional evaluation of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders*, 386 U.S. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).  Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief and a motion to access the appellate record to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.  By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.   Appellant filed a response on February 3, 2026, raising several issues.

---

[4] A plea of true, standing alone, is sufficient to revoke community supervision.  *Zaal v. State*, Nos. 02-22-00287-CR, 02-22-00288-CR, 2023 Tex. App.—Fort Worth, July 27, 2023, pet. ref'd) (mem. op., not designated for publication) (citing *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015)).

## ANALYSIS

By this *Anders* appeal, counsel evaluates the proceedings and concedes there is no reversible error presented in the record. He concludes there are no nonfrivolous grounds to support an appeal.

We too have independently examined the record to determine whether there are any nonfrivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's pro se response, we agree with counsel there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

The trial court's Judgment Adjudicating Guilt is affirmed and counsel's motion to withdraw is granted.[5]

Alex Yarbrough
Justice

Do not publish.

---

[5] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the Trial Court's Certification of Defendant's Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.